NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA MIRSKY, | : |
| Plaintiff, | : Civil Action No. 11-2038 (DMC) |
| v. | : MEMORANDUM OPINION |
| HORIZON BLUE CROSS AND B LUE SHIELD OF NEW JERSEY, | : |
| Defendant. | : |

**CLARK, Magistrate Judge**

This matter comes before the Court upon Plaintiff Lisa Mirsky's ("Plaintiff") motion for attorney's fees [Docket Entry No. 25]. Defendant Horizon Blue Cross and Blue Shield of New Jersey ("Defendant") opposes Plaintiff's motion. [Docket Entry No. 28]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.CIV.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is GRANTED IN PART.

**I.    BACKGROUND**

Plaintiff filed the instant action on April 11, 2011 seeking reimbursement of expenses under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §1001 *et seq*. Plaintiff claims that she suffered from "a serious bulimic eating disorder as well as post-traumatic stress disorder, associated with severe panic disorder, high anxiety, and depression. *Plaintiff's Brief in Support* at 1; Docket Entry No. 25-1. Plaintiff was eventually admitted to Castlewood Treatment Center in Ballwin, Missouri "for inpatient residential care on June 7, 2010." *Id*.

Defendant initially approved Plaintiff's medical costs, but subsequently terminated coverage. *Id.* at 2. As a result, her father paid for her remaining treatment. *Id.* Plaintiff filed the instant action to recover those payments made by her father. After approximately two years of litigation, the parties filed cross-motions for summary judgment. On September 30, 2013, the Honorable Dennis M. Cavanaugh, U.S.D.J. granted Plaintiff's motion for summary judgment and denied Defendant's cross-motion for summary judgment. In its ruling, the District Court found that:

> …Horizon's denial of Plaintiffs benefits for continued residential treatment was arbitrary and capricious on a number of grounds. First, the administrative record demonstrates Plaintiff met the Criteria for a Continued Stay under the Plan and that her continued residential treatment was medically necessary. Therefore to deny coverage for this treatment was unreasonable. Second, the decision by the final appeals board (Permidion) makes no reference to Horizon's Criteria for a Continued Stay which shows a failure to comply with procedures required by the Plan. Finally, Permidion's decision fails to address the conclusions of Mirsky's treating physicians and is clearly not supported by the evidence in the record.

*Opinion on Summary Judgment* ("Opinion") at 14; Docket Entry No. 20.

Plaintiff subsequently filed the instant motion for attorney's fees, arguing that she is entitled to same pursuant to 29 U.S.C. §1132(g)(1).

## II.    LEGAL STANDARDS

### a.  Time to File

In this District, motions for attorney's fees are now explicitly governed by L.Civ.R. 54.2, which provides that "[i]n all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file **within 30 days of the entry of judgment or order**, unless extended by the Court, a motion for fees and expenses in accordance with L. Civ. R. 7.1." (emphasis added). This Local Rule was amended in June 2013 to apply to motions, as well as affidavits in support of same.

### b. Entitlement to Attorney's Fees

In actions brought pursuant to ERISA, there is a provision which allows for the reimbursement of attorney's fees to a party. Under subsection (g), "[i]n any action under this subchapter…by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132. The Third Circuit has outlined five factors which a Court, in exercising its discretion, must consider in connection with a motion for attorney's fees. These factors are: 1) the offending party's culpability or bad faith; 2) the ability of the offending parties to satisfy an award of attorney's fees; 3) the deterrent effect of an award of attorney's fees against the offending parties; 4) the benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions. *Ursic v. Bethlehem Mines,* 719 F.2d 670, 673 (3d Cir. 1983). None of the above factors is dispositive and, furthermore, a party is not required to show that all factors weigh in its favor in order to warrant an award. *Fields v. Thompson Printing Co.,* 363 F.3d 259, 275 (3d Cir. 2004).

### c. Calculation of Fees

The party seeking attorney's fees has the burden of producing sufficient evidence of what constitutes a reasonable market rate for the character and complexity of the legal services rendered. *Blum v. Stenson,* 465 U.S. 886, 896, n.11 (1984). The burden of establishing the total fee rests on the fee applicant, who must provide appropriate documentation of the hours spent and the market rate. If the documentation in inadequate, a court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The opposing party must make specific objections to the requested fee. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion

to adjust the fee award in light of those objections." *Id.* However, the district court cannot decrease a fee award based on factors not raised at all by the opposing party. *Id.*

In determining a reasonable hourly rate, the Court must assess the "skill and experience of the prevailing attorneys and compare their rates to the rates in the community for similar services by lawyers of reasonable comparably skill, experience and reputation." *Blakey v. Continental Airlines,* 2 F.Supp.2d 598, 602 (D.N.J. April 9, 1998) (citing *Rendine v. Pantzer,* 141 N.J. 292, 337 (1995)).

### III. DISCUSSION

#### a. Timeliness

As a threshold matter, the Court finds that Plaintiff's motion was timely filed. Defendant argues that Fed.R.Civ.P. 54(d)(2) requires that any motions for attorney's fees be filed within fourteen (14) days of the entry of a judgment or order. However, as outlined above, the rule that governs in this District is L.Civ.R. 54.2, which allows for a period of thirty (30) days in which to file such a motion. The District Court's Order was entered in September 30, 2013 and Plaintiff filed the instant motion on October 30, 2013. As such, Plaintiff's motion is timely and the Court shall address the merits.

#### b. Plaintiff's Entitlement to Attorney's Fees – the *Ursic* Factors

Plaintiff states that she is entitled to an award of attorney's fees, arguing that she was successful on her claims and can demonstrate that the *Ursic* factors weigh in her favor. Plaintiff argues that she did not merely achieve "some success" on her claims, but that she "achieved complete success" in this litigation by way of the District Court's Order on summary judgment. *Pltf. Br. Supp.* at 4-5 (emphasis omitted). In addressing the *Ursic* factors, Plaintiff claims all five

weigh in her favor.

Plaintiff submits that the first factor (the offending party's culpability or bad faith) is demonstrated by the District Court's Opinion, finding that the denial of coverage was "arbitrary and capricious," "unreasonable," and "clearly not supported by the evidence in the record." *Id.* at 5-6, (quoting *Opinion* at 14).  As such, Plaintiff argues that Defendant acted in bad faith and is culpable in this action.  As to the second factor, the ability of the offending parties to satisfy an award of attorney's fees, Plaintiff contends that "there can be no doubt that [Defendant] has the financial wherewithal to reimburse [Plaintiff]" for attorney's fees. *Id.* at 6.  Plaintiff argues that the third factor, the deterrent effect of an award of attorney's fees against the offending parties, is satisfied because an award of attorney's fees "would compel offending parties…to act in accordance with their respective plans" and would discourage "token reviews by independent agencies simply reaffirming denials without a full review of the administrative record[.]" *Id.* at 7.  Further, Plaintiff submits that offending parties "will be less inclined to improperly deny benefits" if they risk not only a judgment against them, but attorney's fees as well. *Id.*  As to the fourth factor, the benefit conferred on members of the pension plan as a whole, Plaintiff submits that this factor is not applicable, but notes that a failure to show same is not dispositive of her motion. *Id.* at 8.  Lastly, Plaintiff argues that the fifth factor, the relative merits of the parties' positions, weighs in her favor, for the same reasons as the first factor. *Id.*

Defendant argues that the balancing of the *Ursic* factors weighs against an award of attorney's fees.  First, Defendant argues that there has been no culpability or bad faith, arguing that "[a] party is not culpable simply because it did not prevail in litigation" and that Defendant did not act "with a sinister intent[.]" *Defendant's Brief in Opposition* at 6, Docket Entry No. 28.

Defendant argues that it "had no input into the independent decision by Permidion to which it was bound by law" and that, therefore, it cannot be said to have acted in bad faith. *Id.* at 8.  Defendant also maintains that factors three and four weigh in its favor, as "the assessment of fees against [Defendant] would do nothing to deter the unrelated…reviewers" and "the [District] Court's judgment did not confer a benefit on other plan participants." *Id.* at 9-10.  Defendant concedes, however, that factors two and five weigh in Plaintiff's favor, as Defendant has the ability to pay such fees, and Plaintiff was ultimately successful on summary judgment. *Id.* at 10.

The Court finds that four out of the five *Ursic* factors weigh in favor of Plaintiff.  As noted above, factors two and five indisputably weigh in Plaintiff's favor.  As to the first factor, the Court notes that "culpable conduct is commonly understood to mean conduct that is "blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault. . . . Such conduct normally involves something more than simple negligence." *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.,* 33 F.3d 253, 256-257 (3d Cir. 1994).  Moreover, "[a] losing party may be culpable…without having acted with an ulterior motive." *Id.* at 256.  The Court finds that, based on the findings made by the District Court, Defendant was culpable in this action.  Defendant's opposition largely argued the merits of the matter, including whether certain documents and doctors' opinions had been in their possession at the time a decision was rendered. The Court is not persuaded by this argument, especially in light of the District Court's finding that Defendant's decision to terminate Plaintiff's benefits was "unreasonable" and "arbitrary and capricious on a *number* of grounds." *Opinion,* at 14 (emphasis added).  As such, the Court finds Defendant's conduct to be "more than simple negligence" and thus, this factor weighs in favor of Plaintiff. *McPherson,* 33 F.3d at 256.

As to factor three, the Court finds that this weighs slightly in favor of Plaintiff. Although the Court is not convinced that an award of attorney's fees would likely influence the actions of independent reviewers, the Court is persuaded that such an award would have a deterrent effect on plan administrators.

Finally, factor four weighs in favor of Defendant, as there is no evidence that any other plan participants are benefitted by the District Court's Order. In light of the foregoing, the Court finds that an award of attorney's fees should be granted to Plaintiff.

### c. Calculation of Fees

The Court now turns to the amount that Plaintiff should be awarded. Plaintiff has made an application for a $58,799.82 reimbursement from Defendant - $55,875.00 in fees and $2,924.82 in disbursements[1]- for two-and-a-half years of litigation. *Pltf. Br. Supp.* at 8. The work on Plaintiff's case was conducted by three attorneys at The Killian Firm, P.C., namely, Eugene Killian, Jr., Esq., J.T. Chern, Esq. and Ryan Milun, Esq. *Id.* at 10. Mr. Killian has been practicing "commercial litigation, insurance coverage litigation, and employment litigation" for the past twenty-six years and his billing rate is $350 per hour. *Id.* at 11. Mr. Chern has been a member of the New Jersey Bar since 2009 and bills at a rate of $250 per hour. *Id.* Lastly, Mr. Milun has nine years of litigation experience and bills at a rate of $300 per hour. *Id.* Plaintiff argues that "[t]he rates charged for legal services in this suit are commensurate with those customarily charged for commercial litigation." *Id.* at 12. Plaintiff claims that in the Northeastern United States, the average rate for an attorney is $330, while a commercial litigation attorney in particular is $398. *Id.* Further, Plaintiff attaches a 2005 survey from the *New Jersey Law Journal* which reflects that the

---

[1] Plaintiff initially sought $59,349.82 from Defendant - $56,425.00 in fees and $2,924.82 in disbursements. However, in her reply brief, Plaintiff voluntarily withdraws the 6/5/12 entry of 2.2 hours billed at $250.00 per hour for a total deduction of $550.00. *See Plaintiff's Brief in Reply* at 7, n.1; Docket Entry No. 29.

mean rates for partners and associates at the largest New Jersey law firms was $394 and $235, respectively. *See Exhibit F to the Declaration of Ryan Milun, Esq.*; Docket Entry No. 25-3. In this regard, Plaintiff submits that the hourly rates are standard in this area and should be awarded to Plaintiff.

As a threshold matter, the Court notes that Defendant has not objected to the rates requested by counsel and indeed, the Court finds that Plaintiff has sustained her burden of showing that the rates requested are reasonable. Furthermore, Defendant has made no objections to Plaintiff's disbursements. As to the remainder of Plaintiff's application, Defendant proffers five specific objections to Plaintiff's billing entries. The Court shall address each objection in turn.

    1. *Over-Staffing*

Defendant argues that "[t]his was not a complicated case and did not require the involvement of three lawyers[.]" *Deft. Br. Opp.* at 11. Defendant notes that the case was largely handled by Mr. Chern, who billed 122.10 hours, and then was subsequently reassigned to Mr. Milun, who billed an additional 74.90 hours to review and acquaint himself with the case before ultimately filing for summary judgment. *Id.* at 11-12. Defendant contends that 19.60 of Mr. Milun's hours are duplicative and should be excluded.

Plaintiff responds by stating that the case was transferred to Mr. Milun because "Mr. Chern was no longer with the Killian Firm as of April 2012[.]" *Plaintiff's Brief in Reply* at 7; Docket Entry No. 29. Plaintiff further states that 17.40 of the 19.60 hours that Defendant seeks to exclude "were [billed] in connection with the preparation of a successful summary judgment motion" but voluntarily withdraws the 2.2 hours that Mr. Milun spent to become acquainted with the file. *Id.* at 7, n.1.

The Court finds that no deduction is warranted for over-staffing. The Court notes that it is typical for a case to be handled by both a partner and an associate, and that this case only had two associates by virtue of the fact that Mr. Chern left the Killian Firm and Mr. Milun took over. Indeed, the Court has reviewed the billing entries that Plaintiff has provided and finds that there is no overlap in time entries for Messrs. Chern and Milun. *See Exhibit B to the Decl. of Ryan Milun, Esq*. Additionally, Mr. Milun's first billing entry of 2.2 hours to review the file has been voluntarily withdrawn by Plaintiff. In his next billing entry and the ones that follow, he began preparing the summary judgment motion. The Court finds that Mr. Milun's entries are not duplicative, as the drafting of a typical summary judgment motion requires extensive review of the file and discovery materials.

    2. *Block Billing*

Defendant also argues that Plaintiff's counsel improperly used the block billing method of billing. Defendant argues that "[t]his form of billing makes it difficult for a court to ascertain the amount of time that was actually spent on a specific task in order to determine whether it was reasonable" and cites case law which admonishes against the use of block billing. *Deft. Br. Opp.* at 13; *see also Welsh v. Metropolitan Life Ins.Co.,* 480 F.3d 942 (9th Cir. 2007); *Role Models Am.Inc. v. Brownlee,* 353 F.3d 962 (D.C. Cir. 2004); *Lahiri v. Universal Music & Video,* 606 F.3d 1216 (9th Cir. 2010). For improper block-billing, Defendant seeks to exclude 40 hours.

Plaintiff responds by arguing that the block billing employed by Mr. Milun is not the type of block billing that is generally disfavored by the courts. Plaintiff argues that all of Mr. Milun's disputed entries dealt with one task only: the preparation of Plaintiff's summary judgment motion. *Pltf. Br. Reply* at 8. Plaintiff also contends that Mr. Milun's entries are sufficiently detailed as to

eliminate any vagueness in what he was specifically working on. *Id.*

"Block billing is a method by which each lawyer and paralegal in a matter enter the total hours per day devoted to a matter rather than specifying what individual tasks they performed and for how long. *In re Johnson & Johnson Derivative Litig.*, 2013 U.S. Dist. LEXIS 180822 at *70 (D.N.J. Jun. 13, 2013) (citing *Brown v. City of Pittsburgh*, 2010 U.S. Dist. LEXIS 52927 at *27 n.12 (W.D.Pa. May 27, 2010)). However, "an attorney's use of block billing is common practice and is entirely appropriate so long as a reviewing court can determine 'whether the hours reasonably correlate to all of the activities performed' within each block entry." *United States ex rel. Simring v. Univ. Physician Assocs.*, 2012 U.S. Dist. LEXIS 187848 at *38 (D.N.J. Oct. 2, 2012) (citing *United States of America ex rel. John Doe v. Pennsylvania Blue Shield*, 54 F. Supp.2d 410, 415-16 (M.D. Pa. 1999)).

The Court has reviewed Mr. Milun's entries and agrees with Plaintiff that these are not the type of entries which warrant a deduction for improper billing. Although several entries include more than one descriptor, the Court notes that each entry did in fact constitute Mr. Milun's work done on the summary judgment motion, with all the necessary document reviews, legal research, drafting, revisions and correspondence that goes along with such a motion. The Court finds that the disputed entries, such as "Review documents from Horizon in support of denial to prepare arguments for summary judgment on arbitrary and capricious standard; prepare statement of facts" and "Further revisions to motion for summary judgment and statement of undisputed facts; research re: de novo review standard" are not so improperly block billed so as to warrant a fee reduction. The Court can properly determine "whether the hours reasonably correlate to all of the activities performed" and indeed, finds that Mr. Milun's hours were reasonably expended. As

such, the Court declines to make any adjustments under this objection. *United States ex rel. Simring,* 2012 U.S. Dist. LEXIS 187848 at *38.

### 3. *Inexperienced Lawyer*

Defendant next argues that certain hours billed by Mr. Chern should be excluded because he is an inexperienced attorney. Defendant states that Mr. Chern spent 12.60 hours on "boiler-plate discovery" and "preparation of initial disclosures" and argues that this amount of time is excessive. *Deft. Br. Opp.* at 15. Defendant further contends that Mr. Chern "spent excessive time researching general ERISA issues" that are "basic issues that any ERISA attorney would know[.]" As such, Defendant requests that Mr. Chern's hours be reduced by 8.20. *Id.* at 16.

Plaintiff states that both the preparation and the production of initial disclosures in this matter "included significant documents" and that the "review and preparation of [same] resulted in the additional time." *Pltf. Br. Reply* at 9. Plaintiff also maintains that Mr. Chern's ERISA research is proper, arguing that "it is never a bad idea to catch up on the status of the law while a case is pending[.]" *Id.*

The Court finds that Mr. Chern did not excessively bill for initial disclosures and ERISA research. Very often attorneys have to conduct supplemental research on areas that they may not be fully familiar with and which are constantly changing. As such, Mr. Chern's entries for document review and research are not excessive.

### 4. *Third-Party Discovery Issue*

Defendant additionally seeks to exclude certain billing entries arising out of a discovery dispute regarding a subpoena that was issued to Permidion. Defendant claims to have "had no

involvement in [the] dispute between plaintiff's counsel and counsel for Permidion, [and thus] should not be made to pay for this unnecessary battle." *Deft. Br. Opp* at 16.   Defendant requests a 26.60 reduction in Mr. Chern's hours. *Id.* at 19.

Plaintiff rejoins that the subpoena to Permidion was necessary to her case as well as her motion for summary judgment and the "fact that there was a dispute as to the production of the records was not of [Plaintiff's] making[.]" *Pltf. Br. Reply* at 10.

The Court is persuaded by Defendant's argument that it is improper for Defendant to reimburse Plaintiff for expenses incurred in connection with the Permidion subpoena discovery dispute.   Defendant correctly notes that none of the relevant entries mention Horizon or its counsel and Plaintiff does not allege that Defendant played any part in the dispute.   Moreover, the Court observes that requiring Defendant to reimburse Plaintiff for these expenses would not further any of the interests delineated by the Third Circuit in *Ursic*.   As such, the Court shall reduce Mr. Chern's hours by 26.60 which, at his rate of $250 per hour, results in a total reduction of $6,650.00.

### 5. *Inadmissible Expert Report*

Lastly, Defendant argues that all hours billed in connection with the preparation of Plaintiff's expert report should be excluded as this case was to be decided on the administrative record alone. *Deft. Br. Opp.* at 19.   Defendant argues that such a report was "inadmissible and irrelevant to whether Horizon's decision to deny continuing in-patient care was arbitrary and capricious" and submits that 26.20 hours billed by Mr. Chern should be deducted. *Id.* at 20-21.

Although Plaintiff concedes that the expert report was "ultimately not used in connection with [Plaintiff's] summary judgment motion," Plaintiff argues that "had this matter proceeded to

trial, [Plaintiff] was of the opinion that a discussion and analysis regarding her bulimia would have been necessary to aid the fact-finder in fully understanding the issues in this case and the seriousness of her diease." *Pltf. Br. Reply* at 10.   Plaintiff contends that the expert report was intended to be "supplementary to the administrative record" and that it would not have been inadmissible and irrelevant. *Id.*

Again, the Court is persuaded by Defendant's argument that these were not hours that were reasonably expended.   Typically in ERISA cases in which the arbitrary and capricious standard of review is used, the Court limits its review of the plan administrator's denial of benefits to only that evidence that was before the administrator when he or she made the decision being reviewed *Mitchell v. Eastman Kodak Co.,* 113 F.3d 433, 440 (3d. Cir. 1997).   Furthermore, a review of the Pretrial Scheduling Order entered in this matter reveals that deadlines for expert reports and discovery were not contemplated at the time of the Initial Scheduling Conference. *See* Docket Entry No. 7 at ¶¶17-19.   Therefore, the Court finds that the entries associated with preparing the expert report are not justifiable and should be excluded from the award of attorney's fees.   As such, the Court shall reduce Mr. Chern's hours by 26.20 which, at his rate of $250 per hour, results in a reduction of $6,550.00.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff has satisfied her burden of showing that she is entitled to an award of attorney's fees and as such, Plaintiff's motion is GRANTED IN PART and Defendant shall reimburse Plaintiff in the amount of $45,599.82.[2]   An appropriate Order accompanies this Opinion.

---

[2]  Plaintiff's initial fee application of $59,349.82, minus the $550.00 voluntarily withdrawn by Plaintiff, and minus the $13,200.00 deducted by the Court.

Dated: February 19, 2014

s/  James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
